MCGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>         v.<br><br>JOHN MAASEN,<br><br>                          Defendant. | CASE NO.  2:19-CR-00119 JAM<br><br>STIPULATION AND ORDER REGARDING RESTITUTION<br><br>DATE: December 1, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

The United States of America, by and through its counsel of record, and defendant John Maasen, by and through his counsel Lexi P. Negin, hereby respectfully stipulate as follows:

1.      On June 9, 2020, defendant pleaded guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).  ECF 29.

2.      Pursuant to the Plea Agreement, and pursuant to 18 U.S.C. § 2259(a), the defendant agreed to pay the full amount of restitution for the victims' compensable losses as defined by 18 U.S.C. § 2259(b)(3) and (c), and as may be proved by the United States or stipulated to by the parties.  ECF 28.

3.      Under the Mandatory Restitution for Sex Crimes portion of the Violence Against Women Act of 1994, the Court must order restitution for child pornography offenses. 18 U.S.C. § 2259(a). Restitution is mandatory in child pornography cases to any person "harmed as a result of" a defendant's crime.  *See* 18 U.S.C. § 2259(a), (c).  Restitution is required for "the full amount of the victim's losses," including any costs incurred by the victim for: (A) medical services relating to physical, psychiatric, or

STIPULATION AND ORDER RE: RESTITUTION         1

psychological care; (B) physical or occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense. See 18 U.S.C. § 2259(b)(3).

4.   Section 2259 limits restitution only to those losses proximately caused by an individual defendant's conduct. *See Paroline v. United States*, 572 U.S. 434, 445–49.  In *Paroline*, the Court held that where it can be shown that (a) the defendant possessed a victim's images and (b) the "victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant," a district court "should order restitution in an amount that comports with the defendant's relative role in the causal process underlying the victim's general losses." *Id*. at 1727.

5.   On September 29, 2020, defendant appeared before this Court for judgment and sentencing. ECF 44. At this hearing, the Court deferred ordering restitution to allow the government additional time to gather information regarding potential victims and restitution claims. The Court set a restitution hearing for December 1, 2020. ECF 44.

6.   The parties have met and conferred regarding restitution in this case. Pursuant to those discussions, the parties stipulate and agree that:

   a)   While this case was pending, fifteen restitution claims were submitted. These claims were based on images that were found in unallocated space on the defendant's computer during a forensic examination of the computer.

   b)   Based on the evidence in the present case, including the location of the subject images on the defendant's computer, the government cannot prove by a preponderance of the evidence that the defendant knowingly possessed the images underlying the fifteen restitution claims.

7.   Accordingly, defendant requests the Court deny the restitution claims. The government does not object.

/ / /

/ / /

STIPULATION AND ORDER RE: RESTITUTION    2

8. The parties jointly request the Court vacate the restitution hearing currently scheduled for December 1, 2020.

IT IS SO STIPULATED.

Dated: November 19, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney

Dated: November 19, 2020

/s/ LEXI NEGIN
LEXI NEGIN
Attorney for Defendant
JOHN MAASEN

**ORDER**

In light of the law and the stipulation of the parties, the government has not met its burden of proof with respect to restitution in this case.  The Court therefore orders that the restitution requests are denied and the December 1, 2020 restitution hearing is vacated.

IT IS SO FOUND AND ORDERED this 20th day of November, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE